[Civ. No. 2898. Second Appellate District, Division Two.—July 2, 1919.]

## L. J. ARTHUR, Respondent, v. GEORGE C. FETTERMAN, Appellant.

[1] APPEAL — RECORD — INSUFFICIENT BRIEFS.—Where an appeal is taken under the alternative method, it is the duty of the appellant to print in his brief, or in a supplement thereto, such portions of the record as he desires to call to the attention of the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge. Judgment affirmed; appeal from order dismissed.

The facts are stated in the opinion of the court.

H. H. Appel for Appellant.

E. B. Drake for Respondent.

THOMAS, J.—This is an action brought by the plaintiff L. J. Arthur against the defendant George C. Fetterman to recover damages alleged to have been sustained by reason of certain alleged fraudulent representations, alleged by plaintiff to have been made in connection with an exchange of real properties between himself and defendant, and as fully set forth in the complaint.

The defendant, by his answer, makes admission as to certain allegations of the complaint, but for our present purposes suffice it to say that, so far as material here, with the said exceptions, all the material allegations of the complaint

are denied. No demurrer was interposed. There was a trial by jury, and the verdict was in favor of the plaintiff, for the sum of twenty thousand dollars. Motion for a new trial was made, and denied. From the judgment and order denying his motion for a new trial, defendant appeals.

Appellant relies upon and urges the following five "points" for a reversal here, viz.: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) That the court erred in not granting defendant's motion for nonsuit; (3) That the evidence is insufficient to support the verdict; (4) That the plaintiff is not a party in interest; and (5) That the court erred in its instructions to the jury.

No purpose of value could, we think, be served by quoting from any of the pleadings, or in attempting any formidable discussion of the points presented or the principles involved; for, as we understand it, all these have already been abundantly covered by the decisions in this state. At the very beginning of the trial before the jury, and after the plaintiff—who was the first witness—had been sworn and had answered one question, defendant interposed an objection to the introduction of any evidence on the ground "that the facts alleged in the complaint do not constitute a cause of action; . . . and upon the further ground, upon the facts alleged in the complaint, it appears that the plaintiff in the action is not entitled to any relief whatsoever, either in law or in equity." The objection was overruled by the court. This ruling, we think, was proper, as we are of the opinion that against this objection—which, in legal contemplation and for all practical purposes, is the same thing as a general demurrer—the complaint is good.

[1] The appeal here is under the alternative method. We do not think that the provisions of section 953c of the Code of Civil Procedure, or of rule VIII of this court (177 Cal. 1, 176 Pac. ix, are ambiguous. Still, we are constantly confronted with the condition presented by the record here, to wit: A failure to "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." It is true that in this case appellant has brought up in the record, and caused to be printed in the briefs portions of the evidence, as well as his own construction of the evidence, etc.; and, in the instances where he has done so, we are given the

page of the transcript where such quoted portions may be found. But for our present purposes we call attention to "Point 5," referred to above, in this case. Here we are not given a single citation as to line or page where the alleged erroneous instructions may be found. For the greater part of appellant's discussion of this point he simply states his conclusion as to what the court's instructions were; and in the few instances where there appeared what purported to be quotations from the instructions objected to, we are not given the help of even a citation to page, to say nothing of the lines on the page, where said "erroneous instructions" may be found.

The record in this case consists of 1,090 typewritten pages. From this it is obvious that ours was an arduous task to find within the record the portions objected to. A strict compliance with the statute and rule of court cited would bring this case within the rule laid down in *Welk* v. *Sorenson*, 179 Cal. 604, [178 Pac. 498]. But notwithstanding this rule, adopted for the guidance of attorneys and to decrease the burden which we have voluntarily assumed in this case, we have gone through and have read the entire voluminous record here. We have, therefore, considered every point raised by appellant, and find in the record nothing to justify our supporting the position taken by him here.

The appeal from the order denying defendant's motion for a new trial is dismissed and the judgment is affirmed.

Finlayson, P. J., and Sloane, J. concurred.